**Norman C. BOWE, Plaintiff,**

v.

**UNITED STATES of America,
Defendant.**

**Civ. A. No. 82–C–838.**

United States District Court,
E.D. Wisconsin.

Nov. 28, 1983.

Daniel W. Stevens, Charlton Law Firm, Milwaukee, Wis., for plaintiff.

Joseph P. Stadtmueller, U.S. Atty. by Melvin K. Washington, Asst. U.S. Atty., Milwaukee, Wis., for defendant.

DECISION AND ORDER

REYNOLDS, Chief Judge.

This is an action arising under the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b),

2671 *et seq.* Presently before the Court is defendant's motion for an order barring plaintiff from calling expert witnesses at trial or, in the alternative, for an order extending the defendant's period for designating expert witnesses. The motion is granted; the plaintiff is barred from designating any expert witnesses to testify on his behalf.

By order of the Court, plaintiff was to have designated his proposed expert witnesses, and to have submitted reports containing information available under Fed.R. Civ.P. 26(b)(4)(A)(i) by August 1, 1983. Defendant was to have designated its experts and submitted reports by September 23, 1983. The present motion was filed on September 22, 1983. Defendant therein alleges that the plaintiff did not submit the names of any experts until September 12, and even then the notice did not contain the Rule 26(b)(4)(A)(i) information. The affidavit of plaintiff's counsel of November 4, 1983, indicates that contrary to the letter of September 12, plaintiff is still without any expert witnesses. However, plaintiff has never filed any motion for a revision of the court's scheduling order.

The dates set forth in this court's scheduling orders are final, and deadlines established thereby can be extended only by formal motion. In the context of expert witnesses, parties who fail to observe the deadlines are expressly barred from calling expert witnesses who are not designated in timely fashion. Plaintiff was given two months to locate an expert and has helped himself to an additional four months, all without success. However, it was not until November 4, 1983, six weeks after the present motion was filed, that the plaintiff formally sought permission to designate expert witnesses beyond the formal deadline. Given this course of events and the Court's need to enforce its orders, I conclude that defendant's motion must be granted.

THEREFORE, IT IS ORDERED that defendant's motion for an order precluding plaintiff from calling any expert witnesses is hereby granted.